STATE OF NORTH CAROLINA v. DEBORAH WAJNA, JAMES R. GODFREY

No. 754SC828

(Filed 3 March 1976)

**Obscenity; Municipal Corporations § 8— city ordinance prohibiting indecent exposure — preemption by state law**

In a prosecution of the female defendant for violating a city ordinance making it a misdemeanor for any person willfully to make any indecent exposure of his or her person, or the private parts thereof, in any public place, and of the male defendant for aiding and abetting the female defendant in violating the ordinance, the defendants' motions to quash the warrants against them should have been granted on the authority of *State v. Tenore,* 280 N.C. 238, since the city ordinance under which defendants were charged was enacted at a time when the General Assembly had already preempted the field by enacting a state-wide statute which prohibited and punished the precise type of conduct prohibited by the ordinance. Former G.S. 14-190.

APPEAL by defendants from *Martin (Perry), Judge.* Judgments entered 5 June 1975 in Superior Court, ONSLOW County. Heard in the Court of Appeals 11 February 1976.

The female defendant Wajna was charged by warrant with violation of § 17-8.1 of the Jacksonville City Code which makes it a misdemeanor for any person to "willfully make any indecent public exposure of his or her person, or the private parts

State v. Wajna

thereof, in any public place." The male defendant was charged with aiding and betting the female defendant in violating said ordinance.

Motions to quash the warrants were allowed in District Court. The State appealed to Superior Court, where motions to quash were overruled and defendants were convicted by a jury. Judgments were entered sentencing each defendant for a term of 30 days, the execution of each sentence being suspended upon certain conditions. Defendants appealed.

*Attorney General Edmisten by Special Deputy Attorney General Edwin M. Speas, Jr. for the State.*

*Edward G. Bailey for defendant appellants.*

PARKER, Judge.

The motions to quash should have been allowed on authority of *State v. Tenore,* 280 N.C. 238, 185 S.E. 2d 644 (1972). Although that case involved a violation of an Onslow County Ordinance while the present case involves a violation of a Jacksonville City Ordinance, insofar as material to the question presented by the motions to quash the two cases present essentially the same situations. We note that the City Ordinance here involved was enacted 23 January 1970 and the Onslow County Ordinance involved in *State v. Tenore, supra,* was enacted effective on 27 April 1970. Thus, both ordinances were enacted when G.S. 14-190 was in effect. "It is immaterial that, subsequently, G.S. 14-190 was repealed, for the repeal of a state-wide law which, during its life, prohibited the enactment of a county ordinance is prospective in this respect and does not breathe life into an ordinance which was beyond the authority of the ordaining body when it was adopted." *State v. Tenore, supra,* pp. 248-249.

Reversed.

Chief Judge BROCK and Judge ARNOLD concur.